UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 09-60228 CIV-Seitz/O'Sullivan

Mark R. Kroll,

        Plaintiff,

v.

AL LAMBERTI, in his official Capacity as
SHERIFF OF BROWARD COUNTY,
a constitutional officer of The State of Florida,

        Defendant.
_____/

### DEFENDANT, AL LAMBERTI, IN HIS OFFICIAL CAPACITY AS SHERIFF OF BROWARD COUNTY'S, MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND INCORPORATED MEMORANDUM OF LAW

    COMES NOW, the Defendant, Al Lamberti, in his official capacity as Sheriff of Broward County, by and through his undersigned counsel, and files this his Motion for Sanctions Pursuant to Rule 11 against Plaintiff and Incorporated Memorandum of Law and in support thereof states as follows:

    1.    Defendant, Al Lamberti, in his official capacity as Sheriff of Broward County, respectfully submits that the Court should impose sanctions against Plaintiff pursuant to Fed.R.Civ.P. 11 as Count I of Plaintiff's Amended Complaint does not have evidentiary support and is not warranted by non-frivolous argument.

    2.    Rule 11 provides in pertinent part that:

> **By presenting to the Court (whether by signing, filing, submitting or later advocating) a pleading, written motion or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, (1) it is not being presented for any improper purposes, such as to**

> harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed.R.Civ.P. 11(b)

## MEMORANDUM OF LAW

The Plaintiff's Amended Complaint contains three counts. Count I is a claim for relief under 42 U.S.C. §1983. More specifically, Plaintiff alleges that pursuant to the Broward County Sheriff's Office policies and procedures, the Plaintiff was force fed his medication by the deputies on duty, against the Plaintiff's will.

### PLAINTIFF'S CLAIM AGAINST DEFENDANT, AL LAMBERTI, FOR VIOLATIONS OF 42 U.S.C. §1983 IS FRIVOLOUS, AS IT HAS NO EVIDENTIARY SUPPORT

Plaintiff has sued Defendant, Lamberti, in his official capacity. Significantly, the courts do not recognize vicarious liability, including *respondeat superior* in § 1983 actions. *Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007). By suing Defendant, Lamberti, in his official capacity, Plaintiff is really suing the entity itself. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida*, 402 F.3d 1092 (11th Cir. 2005). A municipality can be found liable under §1983 only where the municipality itself causes the violation at issue, and only when a policy or custom of a municipality inflicts the injury to § 1983 liability exists. *Id.* In the instant case, there is no issue of material fact that there was no policy or procedure in place, or custom applied, which was

responsible for the alleged deprivation of Plaintiff's constitutional rights, and therefore, Defendant, Lamberti, is entitled to Rule 11 Sanctions.

It is important to note that "a policy is a decision that is officially adopted by the municipality or created by an official of such rank that he or she should be said to acting on behalf of the municipality." *Goebert*, 510 F.3d 1332 quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). Additionally, a custom can be an unwritten practice that is applied consistently enough to have the same effect as a policy with force of law, and demonstrating that a policy or custom exists requires the Plaintiff to show a persistent and widespread practice. *Goebert, supra* at 1332.

The evidence in this case unequivocally shows that there was no custom or policy implemented by the Defendant which deprived Plaintiff of his constitutional rights. Plaintiff alleges just one policy which Plaintiff claims caused the deprivation of his constitutional rights. More specifically, Plaintiff claims that the Sheriff's office had a policy of force feeding the inmates their medication. Plaintiff has failed to come forward with any evidence to support this allegation. Conversely, Defendant has come forward with evidence that specifically refutes this allegation, and shows that the policy of the Broward County Sheriff's Office was that at no time were the Sheriff's office employees to force feed inmates their medication or even to administer medication.

Defendant has previously filed the affidavit of Barbara-Hanson Evans. That affidavit clearly states that there was no policy or custom in place which provided that deputies were to force feed inmates their medication, conversely, any such action would be against Broward Sheriff's Office policy. Further, the affidavit reflects that it was the policy of the Broward County Sheriff's Office that the deputies not administer any

medication to the inmates. The administration of medication was solely the responsibility of Armor Correctional Health Services, Inc., personnel, who are trained medical providers.

Defendant has also filed the contract entered into by and between the Broward County Sheriff's Office and Armor Correctional Health Services, Inc. Furthermore, Defendant has filed the Broward Sheriff's Office Department of Detention Standard Operating Procedures. Both the Armor Contract and relevant Broward Sheriff's Office Department of Detention Standard Operating Procedures were in effect at the time of Plaintiff's incarceration in February, 2008.

The Department of Detention Standard Operating Procedures states that at no time shall non-medical staff handle or issue prescription medications. (See 8.32(A)(7) of Standard Operating Procedures). Pursuant to the Armor Contract, Armor is responsible for ensuring that all prescribed medications are administered to the inmates. It is clear from these two documents, as well as the affidavit of Barbara Hanson-Evans, that the administration of medication is the responsibility of Armor, and not he Sheriff's office.

On February 19, 2010, the deposition of Errol Campbell, M.D. was taken. That deposition has previously been filed. Dr. Campbell testified that it is an absolute rule that deputies do not give medication. (See p. 47 of Dr. Campbell's deposition) Furthermore, Dr. Campbell testified that only Armor Correctional personnel have access to the medication. (See p. 47 of Dr. Campbell's deposition).

Plaintiff's sole basis for a §1983 action is that the Sheriff's office had a policy of force feeding inmates their medications, and that the alleged policy caused the Plaintiff's injuries. However, not only has Plaintiff failed to come forward with any evidence that

such policy exists, but, conversely, the evidence unequivocally establishes that there was no such policy, and further, that the administration of medication was not the responsibility of the Broward Sheriff's Office. The evidence firmly establishes that it was an absolute rule that Broward Sheriff's Office employees not administer medication.

Defendant, Lamberti, is entitled to attorneys' fees, costs and other appropriate sanctions against Plaintiff pursuant to Rule 11, as Plaintiff has blatantly ignored existing facts, laws, and incontrovertible documentation that demonstrates beyond any doubt that his § 1983 claim cannot be maintained under existing law or facts.

Rule 11 authorizes District Courts to sanction parties when they prosecute baseless claims. *Barash v. Kates*, 585 F.Supp. 2d 1347 (S.D. 2006).

WHEREFORE, for the reasons stated herein, Defendant, Lamberti, respectfully submits that sanctions are appropriate against Plaintiff pursuant to Rule 11.

Date: March 11, 2010　　　　　　　Respectfully submitted.
　　　　Fort Lauderdale, FL

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Beth J. Leahy, Esq.
　　　　　　　　　　　　　　　　　　Florida Bar No.: 308048
　　　　　　　　　　　　　　　　　　bleahy@waltonlantaff.com
　　　　　　　　　　　　　　　　　　Walton Lantaff Schroeder & Carson LLP
　　　　　　　　　　　　　　　　　　Corporate Center
　　　　　　　　　　　　　　　　　　110 E. Broward Blvd., Suite 2000
　　　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33301-3503
　　　　　　　　　　　　　　　　　　Tel:　(954) 463-8456
　　　　　　　　　　　　　　　　　　Fax:　(954) 763-6294
　　　　　　　　　　　　　　　　　　Attorney for Defendant

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served, but not filed by fax and mail on this __19__ day of March, 2010, on all counsel or parties of record on the below service list.

By: _____
Beth J. Leahy, Esquire

## SERVICE LIST
Case No.: 09-60228 CIV-Seitz/O'Sullivan O'Sullivan/

Cathy R. Bierman, Esq.
Topkin & Egner, P.L.
1166 W. Newport Center Drive
Suite 309
Deerfield Beach, FL 33442
Tel: (954) 422-8422
Fax: (954) 422-5455
Attorney For Plaintiff

```
                      *********************
                      ***   TX REPORT    ***
                      *********************

        TRANSMISSION OK

        TX/RX NO                 0916
        RECIPIENT ADDRESS        407#0175#0018#9544225455#
        DESTINATION ID
        ST. TIME                 03/19 15:11
        TIME USE                 01'51
        PAGES SENT                    8
        RESULT                   OK
```

Corporate Center
110 East Broward Boulevard, Suite 2000
Fort Lauderdale, Florida 33301-3503
(954) 463-8456 – Phone
(954) 763-6294 - Facsimile



**WALTON LANTAFF SCHROEDER & CARSON LLP**



# Fax

| | | | |
|---|---|---|---|
| **To:** | Cathy R. Bierman, Esq. | **From:** | Beth J. Leahy |
| **Fax:** | (954) 422-5455 | **Pages:** | 8, including cover sheet |
| **Phone:** | (954) 422-8422 | **Date:** | 03/19/2010 |
| **Re:** | 0175-00018 | | |
| | Mark R. Kroll v. Al Lamberti, etc. | | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● **Comments:**

Attached: Correspondence and Rule 11 Motion.

## CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served by mail on this 9th day of April, 2010, on all counsel or parties of record on the below service list.

By: _____
Beth J. Leahy, Esquire

## SERVICE LIST
Case No.: 09-60228 CIV-Seitz/O'Sullivan O'Sullivan/

Mr. Mark Kroll
115 Royal Park Drive
Suite 4C
Oakland Park, FL 33309
Plaintiff Pro Se